11-2479-cr
U.S. v. Scott

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 29th day of January, two thousand thirteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             -v-                                            11-2479-cr

ROBERT SCOTT,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Robert J. Boyle, Law Office of Robert J. Boyle, New York, N.Y.

Appearing for Appellee:      Justin Anderson, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, Brent S. Wible, Assistant United States Attorney, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Robert Scott appeals from the May 9, 2011 judgment of conviction of the United States District Court for the Southern District of New York (Baer, *J.*) convicting him of one count of violating 18 U.S.C. § 1349 (conspiracy to commit bank fraud); three counts of violating 18 U.S.C. § 1344 (bank fraud); and one count of violating 18 U.S.C. § 1028(a)(1) (aggravated identity theft). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court did not commit clear error when it did not sua sponte order another competency hearing for Scott prior to trial. Due process requires that "a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). However, "[i]t is well-established that some degree of mental illness cannot be equated with incompetence to stand trial." *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986). Here, the district court had multiple interactions with Scott over a period of nearly two years and read multiple psychological evaluations regarding Scott's mental state indicating he was competent to stand trial. We find no error.

Scott next argues that the district court erred when it failed to make an explicit finding that he was competent to represent himself. We disagree. A defendants has the right to represent himself at trial so long as his decision to do so is made "knowingly and voluntarily," and so long as he is "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta v. California*, 422 U.S. 806, 835 (1975)(citation omitted). In *Indiana v. Edwards*, the Supreme Court held district courts have the discretion to prevent a defendant from proceeding pro se when the defendant is competent enough to stand trial" under Supreme Court precedent, but "still suffer[s] from severe mental illness to the point where [he is] not competent to conduct trial proceedings by [himself]." 554 U.S. 164, 178 (2008). The discretion to proceed with an inquiry before allowing a defendant to proceed pro se does not impose on the district court a duty to conduct such an inquiry. *See, e.g., United States v. Turner*, 644 F.3d 713, 724 (8th Cir. 2011) ("*Edwards* clarified that district court judges have discretion to force counsel upon the discrete set of defendants competent to stand trial but incompetent to represent themselves.").

The district court did not commit clear error in allowing Scott to proceed to trial pro se. It is plain from the record that Scott understood the basics of how to navigate the court system. The district court appointed stand-by counsel, and asked stand-by counsel to advise Scott, in writing, of the dangers of self-representation. The attorney did so, and the letter was read into the record in front of Scott. Again, we find no error.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2